UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>EDGAR VILORIA UDARBE,<br><br>　　　　　Defendant. | CR NO. 17-00322 LEK |

**ORDER DENYING DEFENDANT'S EMERGENCY MOTION TO REDUCE SENTENCE UNDER FIRST STEP ACT (COMPASSIONATE RELEASE), FILED 11/24/20**

　　　　Defendant Edgar Viloria Udarbe ("Udarbe") seeks sentence reduction and compassionate release pursuant 18 U.S.C. § 3582(c)(1)(A).  See Defendant's Emergency Motion to Reduce Sentence Under First Step Act (Compassionate Release) ("Motion"), filed 11/24/20 (dkt. no. 63).  The Motion was denied on February 23, 2021.  See Order Denying Defendant's Emergency Motion to Reduce Sentence Under First Step Act (Compassionate Release), filed 2/23/21 (dkt. no. 71) ("2/23/21 Order").  Udarbe filed his notice of appeal on March 1, 2021.  [Dkt. no. 72.] The 2/23/21 Order was vacated and remanded on September 17, 2021, see Order of the Ninth Circuit Court of Appeals ("Ninth Circuit Order"), filed 9/17/21 (dkt. no. 77), and the mandate was filed on October 12, 2021, see Mandate of the Ninth Circuit Court of Appeals, filed 10/12/21 (dkt. no. 78).  Udarbe is

currently in the custody of the Federal Bureau of Prisons ("BOP") at Federal Detention Center Honolulu ("FDC Honolulu") in Honolulu, Hawai`i, and his projected date of release is October 21, 2023.  See Memorandum on Remand in Support of Emergency Motion to Reduce Sentence Under First Step Act (Compassionate Release) ("Mem. in Supp."), filed 11/3/21 (dkt. no. 81), at 2 (stating Udarbe is at FDC Honolulu); Bureau of Prisons, Find an inmate, https://www.bop.gov/inmateloc/ (last visited Apr. 25, 2022) (stating Udarbe is not in BOP custody, but his release date is 10/21/23).

For the reasons stated below, Udarbe's Motion is hereby denied.

## BACKGROUND

The facts of this matter are set forth fully in the 2/23/21 Order and do not bear repeating here.

Udarbe submits that he has no documented disciplinary incidents and seeks release to enable him to receive medical care.  [Mem. in Supp. at 2 & Exh. A (email, dated 10/29/21, from Udarbe, through his counsel, to the Court).]  He has received two COVID-19 vaccinations, but has not received a booster shot because the BOP offered one to him within less than the recommended period of six months after the completion of his initial vaccinations.  After the six-month period passed, the BOP informed Udarbe that he had to wait to receive his booster

2

because of the limited supply available.  [Id. at 2-3 (citations omitted).]  Udarbe seeks sentence reduction to time served because of the medical conditions that he previously raised and that the Court considered in the 2/23/21 Order.  [Id. at 4 ("In other words, Mr. Udarbe's health has not improved over the past year.").]

Plaintiff United States of America ("the Government") opposes sentence reduction and submits that "[n]one of the defendant's grounds for release have materially changed in a manner that would affect his motion."  See Government's Supplemental Response to Defendant's Emergency Motion to Reduce Sentence Under First Step Act (Compassionate Release) ("Mem. in Opp."), filed 11/1/21 (dkt. no. 80), at 3 (footnote omitted).

## DISCUSSION

Generally, courts have limited power to modify terms of imprisonment after a defendant has been sentenced.  Dillon v. United States, 560 U.S. 817, 819 (2010) ("A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" (quoting 18 U.S.C. § 3582(c)).  As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) authorizes an exception to that general rule and permits modification of a sentence.  A sentence reduction is only permitted where there are "extraordinary and compelling reasons," and if "such a reduction is consistent with applicable policy statements issued

3

by the Sentencing Commission." Section 3582(c)(1)(A)(i). The key term "extraordinary and compelling reasons" was not, however, defined. United States v. Aruda, 993 F.3d 797, 800 (9th Cir. 2021). The Sentencing Commission does provide guidance in its policy statement as considerations for finding "extraordinary and compelling reasons" and sets forth certain circumstances that justify sentence reduction, including serious medical conditions, advanced age, certain family circumstances, and other reasons "[a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13, cmt. n.1. However, this statement has not been updated "since the First Step Act amended § 3582(c)(1)(A)." Aruda, 993 F.3d at 800. Thus, "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." Id. at 802 (citing United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020)).

On appeal, the Ninth Circuit determined in the instant matter that

> [w]hile the court ultimately determined that Udarbe did not have sufficient risk factors to indicate that he would suffer a severe case of COVID-19 if he were to become reinfected with it, we cannot discern to what degree that determination was affected by the court's application of § 1B1.13. Accordingly, we vacate the district court's order and remand so that the

4

>     district court can assess Udarbe's motion under
>     the standard set forth in Aruda.

[Ninth Circuit Order at 2.]

The Court adopts its findings set forth in the 2/23/21 Order and concludes that Udarbe does not have sufficient risk factors to indicate that he would suffer severe illness or death should he contract COVID-19 again; particularly because, since the 2/23/21 Order was filed, he has been fully vaccinated against COVID-19. It concludes that Udarbe's request for sentence reduction should be denied for the same reasons stated in the 2/23/21 Order. In exercising its discretion in ruling on the Motion, the Court has taken into consideration the factors set forth in U.S.S.G. § 1B1.13 but, as explained more fully in Aruda, it does not find the United States Sentencing Commission's statements as binding upon it in reaching its decision that Udarbe does not present extraordinary and compelling reasons to support his early release. Accordingly, the Motion is denied.

## CONCLUSION

For the foregoing reasons, Udarbe's Emergency Motion to Reduce Sentence Under First Step Act (Compassionate Release), filed November 24, 2020, is DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 29, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

USA VS. EDGAR VILORIA UDARBE; CR 17-00322 LEK; ORDER DENYING DEFENDANT'S EMERGENCY MOTION TO REDUCE SENTENCE UNDER FIRST STEP ACT (COMPASSIONATE RELEASE), FILED 11/24/20